UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHINDA FIRST, LLC, ) | |
| Plaintiff, ) | |
| ) | No. 1:21-cv-207 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| AMGUARD INSURANCE COMPANY, ) | |
| Defendant. ) | |
| ) | |

## ORDER OF REMAND

Defendant AmGuard Insurance Company removed this lawsuit from the 9th Circuit Court in Kalamazoo County, Michigan. The Court has reviewed the record and concludes that it lacks subject-matter jurisdiction over Plaintiff's claim and will remand the lawsuit.

Plaintiff Shida First's complaint pleads a single breach of contract claim. (ECF No. 1 PageID.14-17.) On May 3, 2019, a vehicle crashed into Plaintiff's convenience store. (*Id.* ¶ 8 PageID.10.) Plaintiff was insured by Defendant. (*Id.* ¶ 6 PageID.10.) Plaintiff contends Defendant has not fully paid the amount owed under the insurance policy. Plaintiff requests a specific amount of damages, $35,870.62, along with interest and attorney fees. In its Notice of Removal, Defendant asserts the amount in controversy exceeds $75,000 because "Plaintiff has alleged extensive damages to its building including a partial collapse, lost business income, lost personal property, and inventory loss, with lost sales alone amounting to $1,495 Per Day since May 6, 2019, per Plaintiff's Complaint, Exhibit A, and Loss of Earnings Analysis attached as an exhibit to Plaintiff's Complaint." (PageID.2.) Defendant contends

the two parties to this lawsuit are citizens of different states, Michigan (Plaintiff) and Pennsylvania (Defendant).

Federal courts may exercise subject matter jurisdiction over disputes between citizens of different states and where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). When a lawsuit filed in state court meets the criteria set forth in § 1332(a) for federal subject matter jurisdiction, the defendant may remove the lawsuit to the federal district court "embracing the place where such action is pending." 28 U.S.C. § 1441(a) and (b). With a few exceptions that do not apply here, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, . . . ."[1] 28 U.S.C. § 1446(c)(2); *see Rosen v. Chrysler Corp.*, 205 F.3d 918, 920-21 (6th Cir. 2000) ("In diversity cases, the general rule is that the amount claimed by a plaintiff in his complaint determines the amount in controversy, unless it appears to a legal certainty that the claim is for less than the jurisdictional amount.") (citations omitted).

When a lawsuit is removed from state court, federal courts must consider whether subject-matter jurisdiction exists. *E.g., Nowicki-Hockey v. Bank of America, N.A.*, 593 F. App'x 420, 421 (6th Cir. 2014). "As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters*, 249 F13d 433, 444 (6th Cir. 2001). Federal courts have an on-going obligation to examine whether they have subject-matter jurisdiction over an action and may raise the issue *sua sponte*. *See*

---

[1] The statute contains two exceptions, (1) where the plaintiff seeks nonmonetary relief, 28 U.S.C. § 1446(c)(2)(A)(i) and (2) where the State either does not permit a demand for a specific sum or permits recovery of damages in excess of the amount demanded, *id.* § 1446(c)(2)(A)(ii). Here, Plaintiff seeks only monetary relief. Even if Michigan permits recovery of damages in excess of the amount demanded, Plaintiff has pled a specific sum.

*Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *Arbaugh v Y&H Corp.*, 546 U.S. 500, 506 (2006). The party removing the lawsuit bears the burden of establishing that the federal courts have subject-matter jurisdiction. *Nowiki-Hockey*, 593 F. App'x at 421. This burden includes establishing that the amount in controversy exceeds $75,000. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).

Defendant has not established that the amount in controversy exceeds $75,000 and, as a result, this Court must remand the lawsuit for lack of subject-matter jurisdiction. Plaintiff pleads a specific amount of damages, an amount well short of the statutory requirement for this Court to exercise jurisdiction. The Court must provide some additional information about the damages sought in this case. Plaintiff complains that Defendant compensated Plaintiff for lost profits and expenses from May 6 through August 5, a total of $ 37,975. (ECF No. 12 Compl. ¶ 24.) Plaintiff contends that Defendant should have compensated it for lost profits and expense from May 6 through October 9, an additional 65 days which would have added another $ 26,829.81. (*Id.* ¶¶ 26-28.) Plaintiff also seeks damages for loss of inventory, a total of $ 9,040.81. (*Id.* ¶¶ 29-30.) The record contains no basis whatsoever for Defendant's assertion that Plaintiff seeks to recover $1,495 per day in lost sales going back to May 6. The record also contains no basis for the conclusion that Plaintiff seeks to recover amounts related to the damage to the building.

For these reasons, this matter is **REMANDED** to the 9th Circuit Court in Kalamazoo, Michigan. **IT IS SO ORDERED.**

Date: March 9, 2021 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge